

# MORGAN & MORGAN
### FORTHEPEOPLE.COM

1 State Street, Suite 750
Boston, MA 02109
Tel. (857) 383-4907
Fax (857) 383-4932

Ryan D. Lang , Esq.
rlang@forthepeople.com

Paralegal: Luisa Klein
lklein@forthepeople.com

November 12, 2021

**VIA FIRST CLASS MAIL**

Denver Logistics, LLC
555 Sandy Hill Road
Denver, PA 17517

**RE:**   **Service upon Denver Logistics, LLC**
*Victor Coggins vs. Denver Logistics, LLC et al.*
**Worcester Superior Court Case No. 2185CV00955**

To Whom It May Concern:

Enclosed, please find the following with regard to above captioned matter:

1.  Summons;

2.  Complaint;

3.  First Set of Interrogatories to Defendant, Denver Logistics, LLC and

4.  First Request for Production of Documents to Defendant, Denver Logistics, LLC.

Please serve this document upon the defendant's principal residence located at **555 Sandy Hill Road, Lancaster County, Pennsylvania 17517**. If you cannot make service at this address, please call me before sending back the paperwork.

Please send your bill to my attention at this office. Should you have any questions or concerns, please feel free to contact me.

Very Truly Yours,

Ryan D. Lang Esq.

Enclosures
RL/lk

| **Summons** | CIVIL DOCKET NO. ᴢ1ᴮ5CᴠO0955 | **Trial Court of Massachusetts The Superior Court** |
|---|---|---|

| CASE NAME: Victor Coggins *Plaintiff(s)* vs. Denver Logistics, LLC et. al. *Defendant(s)* | | Dennis P. McManus    Clerk of Courts Worcester    County |
|---|---|---|
| | | COURT NAME & ADDRESS: Worcester Superior Court 225 Main Street Worcester, MA  01608 |

THIS SUMMONS IS DIRECTED TO __Denver Logistics, LLC__    (Defendant's name)

<u>**You are being sued.**</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Worcester  Superior__    Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>**You must respond to this lawsuit in writing within 20 days.**</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, __Worcester  Superior__    Court
__225 Main Street   Worcester, MA  01608__    (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
__Morgan and Morgan, One State Street, Suite 750   Boston, MA  02109.__

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____, Chief Justice on _____, 20____ . (Seal)

Clerk-Magistrate _____

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS

---

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

WORCESTER SUPERIOR COURT
CIVIL ACTION NO.: 2185CV00955A

|  |  |  |
|---|---|---|
| VICTOR COGGINS, | ) | **FILED** |
| | ) | AUG 30 2021 |
| Plaintiff, | ) | |
| | ) | ATTEST: _Del Halth_ CLERK |
| v. | ) | **COMPLAINT** |
| | ) | |
| DENVER LOGISTICS, LLC, and WILLIAM E. HEDGES JR. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PARTIES

1. The Plaintiff, Victor Coggins, is an individual residing in Worcester County, Commonwealth of Massachusetts.

2. The Defendant, Denver Logistics, LLC, is a foreign Limited Liability Company, with a principal place of business located at 555 Sandy Hill Road, Denver, Pennsylvania 17517, Lancaster County, Commonwealth of Pennsylvania.

3. The Defendant, William E Hedges Jr., resides at 176 South Main St, Manheim, Pennsylvania 17545, Lancaster County, Commonwealth of Pennsylvania.

## COUNT I – NEGLIGENCE

4. The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 3 of this Complaint.

5. On or about June 15, 2021, the Plaintiff was operating a motor vehicle at or near an exit ramp from Route 90 Westbound towards Route 84 Eastbound in Sturbridge, Massachusetts, when the Defendant Driver, William E. Hedges Jr., traversed into the Plaintiff's lane of travel without warning and negligently collided with his vehicle.

6. At the same time and place, Defendant, William E. Hedges Jr., was operating a vehicle owned, leased, maintained, controlled, and/or repaired, by Denver Logistics, LLC, with their permission, express consent, and/or implied consent, within the scope of his employment.

1

7.   As a result of the negligence of the Defendants, the Plaintiff sustained injuries of mind and body, loss of earning capacity, incurred expenses for medical care and attendance, and his vehicle was damaged.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendants, plus interest and costs of this action.

## COUNT II – NEGLIGENCE

### *Victor Coggins v. Denver Logistics, LLC*

8.   The Plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 7 of this Complaint.

9.   At all times material hereto, the Defendant, Denver Logistics, LLC, through their principals, agents, servants, employees, and/or representatives, were negligent and careless as to the Plaintiff in one or more of the following ways:

   a.   in failing to properly supervise, manage, instruct, or advise their representatives.

   b.   in failing to comply with the applicable governmental driving regulations and regulations to maintain safe driving conditions.

   c.   in other ways not yet known to the Plaintiff but that might be discovered as the case progresses.

10.   The Defendant, Denver Logistics, LLC's, acts and/or omissions constitute a breach of the duty of care owed to the Plaintiff.

11.   As a direct and proximate result of Defendant, Denver Logistics, LLC's, breach of the duty of due care, and of Defendant's negligence and carelessness, the Plaintiff has suffered, and continues to suffer, bodily injury along with other compensable harms and losses.

12.   As a result of the negligence of the Defendant, Denver Logistics, LLC, the Plaintiff sustained injuries of body and mind, incurred expenses for medical care and attendance, and his car was damaged.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendant, plus interest and costs of this action.

## COUNT III – NEGLIGENCE (RESPONDEAT SUPERIOR)

### *Victor Coggins v. Denver Logistics, LLC*

13.   The Plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 12 of this Complaint.

14.   The Defendant, Denver Logistics, LLC, was, at the time of the above-referenced accident, the employer of the Defendant, William E. Hedges Jr.

2

15. The Defendant, William E. Hedges Jr. was in the course of his employment for Denver Logistics, LLC, at the time of the collision described in Paragraph 4 above.

16. The Defendant, Denver Logistics, LLC, is liable for the negligence committed William E. Hedges Jr. while William E. Hedges Jr. was in the course of his employment.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendant, plus interest and costs of this action.

### COUNT IV – NEGLIGENCE – Mass. Gen. Laws ch. 231, §85A

#### *Victor Coggins v. Denver Logistics, LLC*

17. The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirely Paragraphs 1 through 16 of this Complaint.

18. At the time of the accident described herein, the motor vehicle operated by the Defendant, William E. Hedges Jr., was then being operated by and under the control of a person for whose conduct the Defendant, Denver Logistics, LLC, was legally responsible, pursuant to Mass. Gen. Laws ch. 231, §85A.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendant, plus interest and costs of this action.

### THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully Submitted,
The Plaintiff,
VICTOR COGGINS,

By his attorneys,

MORGAN & MORGAN,

Ryan D. Lang, BBO# 708051
One State Street, Suite 1050
Boston, MA 02109
(857) 383-4914
RLang@forthepeople.com

Dated: August 27, 2021

3

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

WORCESTER SUPERIOR COURT
CIVIL ACTION NO.: २\85CV ००९55A

# FILED

**AUG 3 0 2021**

ATTEST: _Del Holh_ CLERK

|  |  |
|---|---|
| VICTOR COGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **COMPLAINT** |
| | ) |
| DENVER LOGISTICS, LLC, and WILLIAM E. | ) |
| HEDGES JR. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PARTIES

1.   The Plaintiff, Victor Coggins, is an individual residing in Worcester County, Commonwealth of Massachusetts.

2.   The Defendant, Denver Logistics, LLC, is a foreign Limited Liability Company, with a principal place of business located at 555 Sandy Hill Road, Denver, Pennsylvania 17517, Lancaster County, Commonwealth of Pennsylvania.

3.   The Defendant, William E Hedges Jr., resides at 176 South Main St, Manheim, Pennsylvania 17545, Lancaster County, Commonwealth of Pennsylvania.

## COUNT I – NEGLIGENCE

4.   The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 3 of this Complaint.

5.   On or about June 15, 2021, the Plaintiff was operating a motor vehicle at or near an exit ramp from Route 90 Westbound towards Route 84 Eastbound in Sturbridge, Massachusetts, when the Defendant Driver, William E. Hedges Jr., traversed into the Plaintiff's lane of travel without warning and negligently collided with his vehicle.

6.   At the same time and place, Defendant, William E. Hedges Jr., was operating a vehicle owned, leased, maintained, controlled, and/or repaired, by Denver Logistics, LLC, with their permission, express consent, and/or implied consent, within the scope of his employment.

1

7.  As a result of the negligence of the Defendants, the Plaintiff sustained injuries of mind and body, loss of earning capacity, incurred expenses for medical care and attendance, and his vehicle was damaged.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendants, plus interest and costs of this action.

## COUNT II – NEGLIGENCE

### *Victor Coggins v. Denver Logistics, LLC*

8.  The Plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 7 of this Complaint.

9.  At all times material hereto, the Defendant, Denver Logistics, LLC, through their principals, agents, servants, employees, and/or representatives, were negligent and careless as to the Plaintiff in one or more of the following ways:

    a.  in failing to properly supervise, manage, instruct, or advise their representatives.

    b.  in failing to comply with the applicable governmental driving regulations and regulations to maintain safe driving conditions.

    c.  in other ways not yet known to the Plaintiff but that might be discovered as the case progresses.

10. The Defendant, Denver Logistics, LLC's, acts and/or omissions constitute a breach of the duty of care owed to the Plaintiff.

11. As a direct and proximate result of Defendant, Denver Logistics, LLC's, breach of the duty of due care, and of Defendant's negligence and carelessness, the Plaintiff has suffered, and continues to suffer, bodily injury along with other compensable harms and losses.

12. As a result of the negligence of the Defendant, Denver Logistics, LLC, the Plaintiff sustained injuries of body and mind, incurred expenses for medical care and attendance, and his car was damaged.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendant, plus interest and costs of this action.

## COUNT III – NEGLIGENCE (RESPONDEAT SUPERIOR)

### *Victor Coggins v. Denver Logistics, LLC*

13. The Plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 12 of this Complaint.

14. The Defendant, Denver Logistics, LLC, was, at the time of the above-referenced accident, the employer of the Defendant, William E. Hedges Jr.

2

15.    The Defendant, William E. Hedges Jr. was in the course of his employment for Denver Logistics, LLC, at the time of the collision described in Paragraph 4 above.

16.    The Defendant, Denver Logistics, LLC, is liable for the negligence committed William E. Hedges Jr. while William E. Hedges Jr. was in the course of his employment.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendant, plus interest and costs of this action.

### COUNT IV – NEGLIGENCE – Mass. Gen. Laws ch. 231, §85A

### *Victor Coggins v. Denver Logistics, LLC*

17.    The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirely Paragraphs 1 through 16 of this Complaint.

18.    At the time of the accident described herein, the motor vehicle operated by the Defendant, William E. Hedges Jr., was then being operated by and under the control of a person for whose conduct the Defendant, Denver Logistics, LLC, was legally responsible, pursuant to Mass. Gen. Laws ch. 231, §85A.

WHEREFORE, the Plaintiff, Victor Coggins, demands judgment against the Defendant, plus interest and costs of this action.

### THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully Submitted,
The Plaintiff,
VICTOR COGGINS,

By his attorneys,

MORGAN & MORGAN,

Ryan D. Lang, BBO# 708051
One State Street, Suite 1050
Boston, MA 02109
(857) 383-4914
RLang@forthepeople.com

Dated: August 27, 2021

3

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    WORCESTER SUPERIOR COURT
                                                 CIVIL ACTION NO: 2185CV00955

|  |  |
|---|---|
| VICTOR COGGINS, | ) |
|  | ) |
|    Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DENVER LOGISTICS, LLC, and | ) |
| WILLIAM E. HEDGES JR., | ) |
|  | ) |
|    Defendants. | ) |
|  | ) |

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES<br>TO THE DEFENDANT, DENVER LOGISTICS, LLC</u>

Plaintiff, Victor Coggins, pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure and the Definitions set forth below, propounds her first set of the Interrogatories upon Defendant, Denver Logistics, LLC, who shall serve written answers under oath upon Plaintiff's attorneys, Morgan & Morgan, One State Street, Suite 750, Boston, Massachusetts 02109, within forty-five (45) days from the date of receipt hereof.

## INSTRUCTIONS AND DEFINITIONS

In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes non-privileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

These definitions form an integral part of the discovery request which follows. Wherever any of the following terms is used in the Interrogatories, the term shall have the following meaning:

A. "DOCUMENT" is meant to include any written graphic, photographic, video or sound-recorded information, notice or material, whether originals or copies. It includes, but is not limited to, all writings or other recorded or graphic matter, of any nature or kind

whatsoever, including, without limitation, any correspondence, letters, cables, telegrams, or other communications, personal or office diaries, journals, travel records, expense account records, ledgers, accounts, books, office or personal and/or type-written memoranda or notes, telephone records or logs or bills or memoranda, bank statements or other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, data storage, including but not limited to, floppy disk, magnetic tapes, data cartridges, or CD-ROM disks, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contacts, agreements, forms, memorials, information, plans, specifications, periodicals, pamphlets, reports records, studies, and other written, recorded (sound or video), transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. "DOCUMENTS" also means drafts and non-identical copies of any of the foregoing.

B. "THE PLAINTIFF" shall mean the Plaintiff as indicated in the caption to this action.

C. "DEFENDANT," "YOU," or "YOUR," shall mean Denver Logistics, LLC, the Defendant in this action.

D. "RELATING TO," "CONCERNING," and "REFERRING TO," shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

E. "THE COLLISION" shall mean the motor vehicle Collision that occurred on June 15, 2021, as alleged in the Complaint.

F. "IDENTIFY" shall mean:

    a. with respect to persons, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

    b. with respect to documents, specify the date of preparation, identify the person(s) who prepared of, and in each instance, explain the circumstances surrounding and authorization of the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, describe the document in a way that distinguishes it from all other documents (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc. and describe in detail its contents; if any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (i.) missing or lost, (ii.) has been destroyed, (iii.) has been transferred voluntarily or involuntarily to others and if so, to whom, or (iv.) otherwise disposed for such disposition thereof and state the date or approximate date thereof; and

    c. with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation,

specify the date and state of its incorporation If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership identify the principal(s) of the company.

G. "COMMUNICATION" shall mean any words or gestures communicated by any means whether written, oral, or nonverbal, in person, telephonic, email or any other medium used to communicate words.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the name and address of the person or persons answering these interrogatories, his/her relationship to Defendant and his/her current position of employment.

### INTERROGATORY NO. 2:

Please provide the name and address of the Denver Logistics, LLC, employee, contractor, or agent who was operating the motor vehicle which contributed to the Collision at the time of the incident described in Plaintiff's Complaint.

### INTERROGATORY NO. 3:

Please provide the name and addresses of each and every Denver Logistics, LLC employee, contractor, or agent who operated the motor vehicle which contributed to the Collision.

### INTERROGATORY NO. 4:

Please provide the following information pertaining to the motor vehicle involved in the Collision:

a. The registration number of the vehicle, giving State, number and year of registration;

b. The full name, address, date of birth and tax identification number and social security number of the owner of said vehicles;

c. The full name, address, and date of birth of the authorized operators of said vehicles;

d. The make, model, color and year of the vehicles you owned on the date and time alleged in the Plaintiff's Complaint; and,

e. Whether the person stated in response to Interrogatory No. 2 was operating the vehicle(s) involved in the subject incident in the course of his employment, agency, or contract, on the date and time alleged in the Plaintiff's Complaint.

3

**INTERROGATORY NO. 5:**

State the time of the Collision as accurately as you can, giving year, month, day, hour and minute.

**INTERROGATORY NO. 6:**

Describe as carefully as possible the location of the Collision, giving the names of streets, city and state, and identifying the location where the incident occurred.

**INTERROGATORY NO. 7:**

State as accurately as you can your understanding of how the Collision occurred.

**INTERROGATORY NO. 8:**

Please state any disciplinary action taken by Denver Logistics, LLC against the operator of the motor vehicle which contributed to the Collision as alleged in the Plaintiff's Complaint relative to the events described in Plaintiff's Complaint.

**INTERROGATORY NO. 9:**

Describe as carefully as possible the substance of any and all conversations between the Plaintiff and the operator of the motor vehicle which contributed to the Collision alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 10:**

Please state the name, home address and business address of every person whom you or your attorney intends to call as an expert witness at the trial of this action.

**INTERROGATORY NO. 11:**

Please state with respect to each such expert:

a.    the subject matter on which he/she is expected to testify;
b.    the substance of the facts and opinions to which he/she is expected to testify; and
c.    a summary of the grounds for each such opinion.

**INTERROGATORY NO. 12:**

Please identify any individual of whom you are aware who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the occurrence, and the nature of your relationship to each person.

**INTERROGATORY NO. 13:**

For each person referenced in answer to Interrogatory No.12, please provide a summary of the knowledge each person's knowledge concerning the incident referenced in Plaintiff's Complaint.

**INTERROGATORY NO. 14:**

If the operator of the motor vehicle which contributed to the Collision as alleged in the Plaintiff's Complaint has ever given a written or oral statement, signed or otherwise, concerning this incident, please identify:

    a.    the name of each person to whom such a statement was given;
    b.    the date that each such statement was given; and,
    c.    the person, by name and address, who has custody of each such statement.

**INTERROGATORY NO. 15:**

Please list the name(s) address(es), telephone number, and occupation of any and all witnesses you intend to call at the trial of this matter. Please state with respect to each such witness:

    a. the subject matter on which he/she is expected to testify; and,
    b. the substance of the facts and opinions to which he/she is expected to testify.

**INTERROGATORY NO. 16:**

Please state if the operator of the motor vehicle which contributed to the Collision, as alleged in the Plaintiff's Complaint, had been involved in any prior or subsequent motor vehicle accidents or incidents involving personal injury while employed by, contracted by, or in the agency of the Defendant.

**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is in the affirmative, please state the details of each occurrence by stating, the date, time, location and a brief description of how the incident occurred.

**INTERROGATORY NO. 18:**

If you contend that factors other than your negligence caused the incident as alleged in Plaintiff's Complaint, please state, with specificity, the factors that you allege caused the incident.

**INTERROGATORY NO. 19:**

Please state if the operator of the motor vehicle which contributed to the Collision as alleged in the Plaintiff's Complaint consumed any drugs (illicit or otherwise) or alcohol in the twenty-four (24) hours prior to the incident described in Plaintiff's Complaint. If your answer is in the affirmative, please state the amounts and precise time(s) consumed.

**INTERROGATORY NO. 20:**

If anyone investigated this matter for you, including medical experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**INTERROGATORY NO. 21:**

What, if any, background information did you obtain, or attempt to obtain, regarding operator of the motor vehicle which contributed to the Collision, as alleged in the Plaintiff's Complaint, regarding driving history and/or safety record prior to engaging there services or allowing them to use your vehicle?

**INTERROGATORY NO. 22:**

Describe all training that Defendant provides or requires for its drivers/operators, and include in your answer any procedure, while identifying any training or safety manuals provided to employees, contractors, or agents and what manner they are provided in.

**INTERROGATORY NO. 23:**

Please indicate when the operator of the motor vehicle which contributed to the Collision, as alleged in the Plaintiff's Complaint, last attended training of any kind, by the Defendant, Denver Logistics, LLC. Please provide dates and the nature of such training.

**INTERROGAORY NO. 24:**

Kindly state if the Defendant provides a manual and/or materials of any kind to its employees, contractors, or agents regarding the Rules for Operators and other motor vehicle drivers. If in the affirmative, please include in your answer, the date said manual/materials were last updated.

**INTERROGATORY NO. 25:**

Please identify all persons who you claim were negligent or contributed to the cause of the Collision, by stating their name(s) and address(es) and the manner in which they contributed to the cause of the Collision.

**INTERROGATORY NO. 26:**

Please state where the motor vehicle operator was coming from and going to at the time of the Collision, including the address of the departure and the intended destination.

**INTERROGATORY NO. 27:**

Please identify all violations, citations, warnings, and license suspensions or revocations issued to the operator of the motor vehicle which contributed to the Collision, as alleged in Plaintiff's Complaint, in the three (3) years prior this Collision until present day, including but not limited to the reasons for such violations, citations, warnings, and license suspensions or revocations.

**INTERROGATORY NO. 28:**

Please identify each and every instance, in the three (3) years prior this Collision until present day, in which the operator of the motor vehicle which contributed to the Collision, as alleged in Plaintiff's Complaint, was disciplined by Denver Logistics, LLC.

**INTERROGATORY NO. 29:**

Please describe fully the nature and extent of any communication, in the moment immediately preceding the Collision, between the operator of the motor vehicle which contributed to the Collision, as alleged in Plaintiff's complaint, and any third party.

Respectfully submitted,
The Plaintiff,
VICTOR COGGINS,

By his attorneys,
MORGAN & MORGAN,

Ryan D. Lang, Esq., BBO#: 708051
One State Street, Suite 1050
Boston, MA 02109
(857)-383-4914
rlang@forthepeople.com

Dated: 11 / 12 / 21

8

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                          WORCESTER SUPERIOR COURT
                                        CIVIL ACTION NO: 2185CV00955

| | |
|---|---|
| VICTOR COGGINS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DENVER LOGISTICS, LLC, and | ) |
| WILLIAM E. HEDGES JR., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, DENVER LOGISTICS, LLC

     Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure and the Definitions set forth below, Plaintiff, by and through his attorneys, Morgan & Morgan, request that Defendant, Denver Logistics, LLC, produce or permit Plaintiff to inspect and copy the following Documents that Defendant or any parent/subsidiary, agent, servant, employee, representative, or attorney of Defendant may have in their possession, custody or control within thirty (30) days of the date of service at the office of Morgan & Morgan, One State Street, Suite 750, Boston, Massachusetts 02109.

     Pursuant to Rule 26 of the Massachusetts Rules of Civil Procedure, these First Requests for Production of Documents are to be deemed continuing and the responses hereto are to be supplemented promptly upon the acquisition of further or additional Documents or information.

     This Request encompasses not only the items in the Defendant's possession, but also those within the possession, custody and/or control of any agent, officer, servant, employee, contractor, attorney, or other representative of the Defendant. Each item produced is to be produced with a notation indicating the request to which it responds.

## DEFINITIONS

     These definitions form an integral part of the discovery request which follows. Wherever any of the following terms is used in the Request, the term shall have the following meaning:

   A.  "DOCUMENT" is meant to include any written graphic, photographic, video or sound-recorded information, notice or material, whether originals or copies. It includes, but is not

limited to, all writings or other recorded or graphic matter, of any nature or kind whatsoever, including, without limitation, any correspondence, letters, cables, telegrams, or other communications, personal or office diaries, journals, travel records, expense account records, ledgers, accounts, books, office or personal and/or type-written memoranda or notes, telephone records or logs or bills or memoranda, bank statements or other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, data storage, including but not limited to, floppy disk, magnetic tapes, data cartridges, or CD-ROM disks, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contacts, agreements, forms, memorials, information, plans, specifications, periodicals, pamphlets, reports records, studies, and other written, recorded (sound or video), transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. "DOCUMENTS" also means drafts and non-identical copies of any of the foregoing.

B. "THE PLAINTIFF" shall mean the Plaintiff as set forth in the caption to this matter.

C. "DEFENDANT," "YOU," or "YOUR," shall mean Denver Logistics, LLC, the Defendant in this action.

D. "RELATING TO," "CONCERNING," and "REFERRING TO," shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

E. "THE COLLISION" shall mean the motor vehicle Collision that occurred on June 15, 2021, as alleged in the Complaint.

F. "IDENTIFY" shall mean:

      a. with respect to persons, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

      b. with respect to documents, specify the date of preparation, identify the person(s) who prepared of, and in each instance, explain the circumstances surrounding and authorization of the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, describe the document in a way that distinguishes it from all other documents (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc. and describe in detail its contents; if any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (i.) missing or lost, (ii.) has been destroyed, (iii.) has been transferred voluntarily or involuntarily to others and if so, to whom, or (iv.) otherwise disposed for such disposition thereof and state the date or approximate date thereof; and

    c. with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership identify the principal(s) of the company.

G. "COMMUNICATION" shall mean any words communicated by any means whether written or oral, in person, telephonic, email or any other medium used to communicate words.

## REQUESTS

### REQUEST NO. 1:

Copies of all reports of operators filed and/or completed concerning the incident for which this action has been brought.

### REQUEST NO. 2:

Copies of all photographs in the possession, custody or control of the Defendant, its agents and/or people acting on its behalf, which show and/or purport to show the scene of the alleged incident.

### REQUEST NO. 3:

Copies of any and all witness statements, signed or unsigned, written, oral or transcribed.

### REQUEST NO. 4:

Copies of any and all statements, signed, or unsigned, written, oral or transcribed, which were taken or given by the Plaintiff, the agent, servant or employee of the Plaintiff, concerning the incident referred to in the Complaint.

### REQUEST NO. 5:

Copies of all photographs, videotapes or any compilation of moving or nonmoving images in the possession, custody and/or control of the said Defendant, its agents and/or people acting behalf, whether such statements be signed or unsigned, written, oral or transcribed.

### REQUEST NO. 6:

Copies of all photographs, videotapes or any compilation of moving or nonmoving images in the possession, custody, or control of the Defendant, its agents and/or people acting on its behalf, which shows and/or purport to show the nature of the Plaintiff's injuries or damages.

3

**REQUEST NO. 7:**

All sketches, diagrams, schematics, regardless of point of origin or source that may relate directly or indirectly to any aspect of the incident referred to in the Complaint.

**REQUEST NO. 8:**

Copies of any and all written communications, signed or unsigned, between the Plaintiff and the Defendant, its agents and/or people acting on its behalf.

**REQUEST NO. 9:**

Copies of any and all reports filed and/or completed concerning this incident by any governmental agency, whether the same be Federal, State, or local, which are in the possession of the Defendant, its agents and/or people acting on its behalf.

**REQUEST NO. 10:**

Copies of any and all reports of experts in the possession, custody, and/or control of the said Defendant, its agents and/or people acting on its behalf, that may in any way relate to this incident.

**REQUEST NO. 11:**

Copies of any and all reports filed with or completed by the Defendant, its agents and/or people acting on his behalf, concerning this incident with any government agency, whether the same be Federal, State or local, that are in the possession, custody and/or control of the Defendant, its agents and/or people acting on her behalf.

**REQUEST NO. 12:**

Copies of all reports made by the Defendant to the Defendant's insurance carriers or agents concerning the incident for which this Complaint has been brought.

**REQUEST NO. 13:**

The insurance policy or policies that afford the Defendant coverage or protection on this claim, including coverage selection sheet (please include all policies and coverage selection sheets for all vehicles owned and/or operated by the Defendant on the same date alleged in this Plaintiff's Complaint).

**REQUEST NO. 14:**

The non-privileged portions of the insurance claim file relating to the within incident. To those parts on which privilege is claimed, please see above instructions.

**REQUEST NO. 15:**

Copies of all medical information obtained by or on behalf of the Defendant relating to each Plaintiff that was obtained or will be obtained as a result of the investigation of this case.

**REQUEST NO. 16:**

Photocopies of the registration of the vehicle involved in the incident on the date Plaintiff alleges said incident occurred.

**REQUEST NO. 17:**

Photocopies of both sides of the driver's license of the driver involved in the incident issued by any State, Federal and local government (including governmental agencies) and private incident.

**REQUEST NO. 18:**

Photocopies of all citations issued by any law enforcement agency to the Defendant relative to this incident.

**REQUEST NO. 19:**

Any and all photographs depicting the condition any other vehicle or object involved in the incident alleged in the Plaintiff's Complaint:

      a.   Prior to the incident in question; and,
      b.   After the incident in question.

**REQUEST NO. 20:**

Any and all photographs depicting the condition of the Defendant's vehicle:

      a.   Prior to the incident in question, and,
      b.   After the incident in question.

**REQUEST NO. 21:**

Any and all bills, estimates, invoices, reports and/or statements regarding damages or repairs to the defendant's vehicle(s).

**REQUEST NO. 22:**

Any and all documents and or things tangible that the Defendant plans to introduce in evidence.

**REQUEST NO. 23:**

Any and all training manuals, guides, compilations of information provided to the operator of the Defendant's motor vehicle in the incident described in the Plaintiff's Complaint, pertaining to the operation of the Defendant's vehicle(s).

**REQUEST NO. 24:**

Any and all employment records, including, but not limited to disciplinary records, attendance records, drug testing records, and driving record(s) of the operator of the Defendant's motor vehicle in the incident described in Plaintiff's Complaint, from the date his employment, contract and/or agency with Denver Logistic, LLC commenced to present.

**REQUEST NO. 25:**

A true and accurate copy of the data obtained through the "black box" data recorder contained in the defendant's vehicle at the time of the Collision.

**REQUEST NO. 26:**

Copies of any and all written statements, signed or unsigned, and/or copies of any and all verbatim written transcripts of any and all statements of any and all witnesses to the Collision, whether taken on a recording device or not, which are in the possession, custody or control of the Defendant, Defendant's Insurance Company, or Defendant's attorney.

**REQUEST NO. 27:**

All letters and statements, of any kind whatsoever, in the possession, custody or control of the Defendant, its agent(s), servant(s), employee(s), and/or Defendant's Insurance Company, which notified any Defendant of the Collision alleged in the Plaintiff's Complaint.

**REQUEST NO. 28:**

Copies of all medical records and medical bills generated by any hospital, medical provider, physical therapist, or other health care provider which concern any injuries suffered by the Plaintiff as a result of the Collision alleged in the Plaintiff's Complaint.

**REQUEST NO. 29:**

All correspondence, either in electronic form or otherwise, between the Defendant, and/or its non-attorney representatives and any third party concerning any aspect of the Plaintiff's Collision as its subject matter.

**REQUEST NO. 30:**

Copies of any and all citations, including but not limited to motor vehicle violations that the operator, as described in the Plaintiff's Complaint, received at any time in the five (5) years prior to the incident or at any time subsequent to the incident alleged in the Plaintiff's Complaint.

**REQUEST NO. 31:**

All correspondence between the Plaintiff, and any insurance companies involved in this case, or between the Plaintiff's representatives and the insurance companies involved in this case from the date of the Collision to the present time, with the exception of privileged correspondence.

**REQUEST NO. 32:**

Copies of any and all communications, documents and/or statements made by any of the parties or anyone acting on their behalf to any person or entity regarding any of the events or happenings referred to in the Complaint, with the exception of privileged communications.

**REQUEST NO. 33:**

All memoranda, reports, statements, correspondence and diary notations which set forth in any manner a description of events which took place immediately prior to, during, and after the incident here in question.

**REQUEST NO. 34:**

Copies of any training materials provided to Defendant's employees and/or operators.

**REQUEST NO. 35:**

Documents responsive to any Keeper of Records subpoenas and/or deposition notices for this matter.

Respectfully Submitted,
The Plaintiff,
VICTOR COGGINS,

By his attorneys,
MORGAN & MORGAN,

Ryan D. Lang, BBO# 708051
One State Street, Suite 750
Boston, MA 02109
(857) 383-4915
rlang@forthepeople.com

Dated: 11/12/21

8